**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 412-6725
Fax: (503) 221-1074
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

TRUSTEES OF THE ROOFERS LOCAL 49 WELFARE FUND, TRUSTEES OF THE PACIFIC COAST ROOFERS PENSION TRUST, and TRUSTEES OF THE GREATER PORTLAND APPRENTICESHIP AND TRAINING TRUST FUND,

Plaintiffs,

v.

JIC CONSTRUCTION, LLC, dba STERLING-PACIFIC,

Defendant.

Civil No. ___________________

**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA)

Plaintiffs allege:

**I**

**PARTIES**

1. Plaintiffs are the Trustees of the Roofers Local 49 Welfare Fund ("Health Fund"), Trustees of the Pacific Coast Roofers Pension Trust ("Pension Fund"), and Trustees of the Greater Portland Apprenticeship and Training Trust Fund ("Apprenticeship Fund") (collectively, "Trust Funds").



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

2. The Health Fund and Apprenticeship Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Apprenticeship Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Pension Fund and Apprenticeship Fund have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3. Defendant is an Oregon corporation. At all times material to this proceeding (May 2019 to date), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. § § 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

**II**

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the First, Second and Third Claims for Relief brought by the Trustees of the Trust Funds against defendant for violation of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. § 1132(e)(1) of ERISA.

5. At all times material to this proceeding (May 2019 to date), defendant has been bound by a written Collective Bargaining Agreement ("CBA") with the United Union of Roofers, Waterproofers and Allied Workers, Local No. 49 ("Union"). The CBA covers employees in an industry affecting commerce, and the activities of defendant affect commerce.



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

The Court has jurisdiction over all Claims for Reliefs against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

6. Defendant's principal place of business is in Washington County, Oregon. The Court has venue over this action pursuant to 29 U.S.C. §1132(e)(2) of ERISA.

**III**

**JOINDER**

7. The obligations of defendant to plaintiffs arise out of the same CBA. Common questions of law and fact govern the claims each plaintiff has against defendant.

**IV**

**FACTS**

8. At all times material to this proceeding (May 2019 to date), defendant has been bound by a written CBA with the Union. Under the terms of the CBA, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the CBA to the Trustees of the Trust Funds. Defendant further agreed to file monthly remittance report forms and to pay its fringe benefit contributions to the Trustees of the Trust Funds by the 20th day of the month following the month in which the work was performed.

9. The Trust Agreement that created the Pension Fund provides that an employer such as defendant shall be responsible for liquidated damages in an amount equal to 2% of the delinquent or late-paid pension contributions if the pension contributions are received by the first day of the month following the due date, 6% of the delinquent or late-paid pension contributions if the pension contributions are received after the first day of the month following the due date



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

but before the tenth day of the month following the due date, 10% of the delinquent or late-paid pension contributions if the pension contributions are received after the tenth day of the month following the due date but before the employer is referred to a law firm for collection, and 20% of the delinquent or late-paid pension contributions after the employer is referred to a law firm for collection. The Trust Agreement that created the Pension Fund provides that an employer such as defendant shall be responsible for interest on delinquent and late-paid pension contributions in an amount equal to the interest rate set by the Internal Revenue Service for underpayment of taxes pursuant to 26 U.S.C. § 6621(a)(2) from the due date until paid.

10. The Trust Agreement that created the Health Fund provides that an employer such as defendant shall be responsible for liquidated damages in an amount equal to one percent of the delinquent or late-paid health contributions for each monthly period that the contributions remain unpaid, up to a maximum of 20%, with the first month of liquidated damages owed each calendar year being waived. The Trust Agreement that created the Health Fund provides that an employer such as defendant shall be responsible for interest on the delinquent or late-paid health contributions at the rate of 6% per annum from the due date until paid.

11. The Trust Agreement that created the Apprenticeship Fund provides that an employer such as defendant shall be responsible for liquidated damages in an amount equal to 20% of the delinquent or late-paid apprenticeship contributions or $20.00 per month, whichever amount is greater, and interest on the delinquent or late-paid apprenticeship contributions at the rate of 12% per annum from the due date until paid.

/// ///

/// ///

/// ///



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

**V**

**FIRST CLAIM FOR RELIEF**

12. The Trustees of the Trust Funds conducted a payroll examination of defendant's books and records for the period of April 2018 through July 2019 in order to determine whether defendant paid all contractually-required fringe benefit contributions to the Trust Funds for its employees as required by the CBA.

13. Based on the results of the payroll examination, defendant owes the Trust Funds: $89,343.65 in fringe benefit contributions; $10,452.23 in liquidated damages; and $4,817.99 in interest calculated through November 30, 2019, with interest continuing to accrue on the unpaid pension contributions owed to the Pension Fund ($32,890.91) at the interest rate set by the Internal Revenue Service for underpayment of taxes pursuant to 26 U.S.C. § 6621(a)(2) from December 1, 2019, through entry of judgment, interest continuing to accrue on the unpaid health contributions owed to the Health Fund ($52,839.02) at the rate of 6% per annum from December 1, 2019, through entry of judgment, and interest continuing to accrue on the unpaid apprenticeship contributions owed to the Apprenticeship Fund ($3,613.72) at the rate of 12% per annum from December 1, 2019, through entry of judgment.

14. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay all required fringe benefit contributions by the due date and legal proceedings are instituted, the Trust Funds are entitled to recover their reasonable attorney fees. The Trust Funds are entitled to recover from defendant their reasonable attorney fees pursuant to the Trust Agreements.

15. The Trust Funds are entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

16. Pursuant to the terms of the Trust Agreements, the Trustees of the Trust Funds are entitled to recover the accountants' fees incurred in connection with the payroll examination which total $2,552.90.

## VI

## SECOND CLAIM FOR RELIEF

17. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 16 of their complaint as though fully set forth herein.

18. Defendant has not paid all fringe benefit contributions for the months of September 2019 through January 2020. Based on the information contained in the remittance report forms and other information submitted by defendant for said months, defendant owes the following amounts to plaintiffs: $164,132.70 in fringe benefit contributions; $4,513.96 in interest as of February 20, 2020, with interest continuing to accrue on the unpaid pension contributions owed to the Pension Fund ($55,862.33) at the interest rate set by the Internal Revenue Service for underpayment of taxes pursuant to 26 U.S.C. § 6621(a)(2) from February 21, 2020, through entry of judgment, interest continuing to accrue on the unpaid health contributions owed to the Health Fund ($100,970.29) at the rate of 6% per annum from February 21, 2020, through entry of judgment, and interest continuing to accrue on the unpaid apprenticeship contributions owed to the Apprenticeship Fund ($7,300.08) at the rate of 12% per annum from February 21, 2020, through entry of judgment; plus $25,079.76 in liquidated damages.

19. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant pursuant to the terms of the Trust Agreement that created the Trust Funds and pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA.

/// ///



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

## VII

## THIRD CLAIM FOR RELIEF

20. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 19 of their complaint as though fully set forth herein.

21. Defendant failed to timely pay its fringe benefit contributions to the Trust Funds for the months of May 2019 through August 2019. As a result, defendant owes $10,853.12 in liquidated damages to the Trustees of the Trust Funds.

22. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant pursuant to the terms of the Trust Agreements that created the Trust Funds.

## VIII

## FOURTH CLAIM FOR RELIEF

23. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 22 of their complaint as though fully set forth herein.

24. Based on the untimely payments set forth in paragraph 20 above, defendant owes $2,034.59 in interest to the Trustees of the Trust Funds.

25. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant pursuant to the terms of the Trust Agreement that created the Trust Funds and pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA.

WHEREFORE, Plaintiffs pray for a decree and judgment against defendant as follows:

1. On the **First Claim for Relief**, requiring defendant to pay the following amounts to plaintiffs: $89,343.65 in fringe benefit contributions; $10,452.23 in liquidated damages; $4,817.99 in interest calculated through November 30, 2019, with interest continuing to accrue on the unpaid pension contributions owed to the Pension Fund ($32,890.91) at the interest rate



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

set by the Internal Revenue Service for underpayment of taxes pursuant to 26 U.S.C. § 6621(a)(2) from December 1, 2019, through entry of judgment, interest continuing to accrue on the unpaid health contributions owed to the Health Fund ($52,839.02) at the rate of 6% per annum from December 1, 2019, through entry of judgment, and interest continuing to accrue on the unpaid apprenticeship contributions owed to the Apprenticeship Fund ($3,613.72) at the rate of 12% per annum from December 1, 2019, through entry of judgment; and $2,552.90 in payroll examination fees;

2. On the **Second Claim for Relief**, requiring defendant to pay the following amounts to plaintiffs: $164,132.70 in fringe benefit contributions; $4,513.96 in interest as of February 20, 2020, with interest continuing to accrue on the unpaid pension contributions owed to the Pension Fund ($55,862.33) at the interest rate set by the Internal Revenue Service for underpayment of taxes pursuant to 26 U.S.C. § 6621(a)(2) from February 21, 2020, through entry of judgment, interest continuing to accrue on the unpaid health contributions owed to the Health Fund ($100,970.29) at the rate of 6% per annum from February 21, 2020, through entry of judgment, and interest continuing to accrue on the unpaid apprenticeship contributions owed to the Apprenticeship Fund ($7,300.08) at the rate of 12% per annum from February 21, 2020, through entry of judgment; plus $25,079.76 in liquidated damages;

3. On the **Third Claim for Relief**, requiring defendant to pay $10,853.12 in liquidated damages to the Trustees of the Trust Funds;

4. On the **Fourth Claim for Relief**, requiring defendant to pay $2,034.59 in interest to the Trustees of the Trust Funds;

/// ///

/// ///



BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

5. Providing that Plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records for a time period other than April 2018 through July 2019 in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

6. Requiring defendant to pay to the Trust Funds' reasonable attorney fees, costs and disbursements incurred herein; and

7. For such further equitable relief as the Court deems just and proper.

DATED this ___ day of February 2020.

**BROWNSTEIN RASK, LLP**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs